Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| RAFAEL ÁNGEL RIVERA TORRES Y OTROS<br>Recurridos<br><br>v.<br><br>HON. SIGFRIDO STEIDEL FIGUEROA<br>Recurridos<br><br>UNCLAIMED PROPERTY RECOVERY SERVICES, LLC<br>Peticionario | KLCE202301219 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Núm.:<br>SJ2021CV04850<br><br>Sobre:<br>Sentencia Declaratoria |

Panel integrado por su presidente, el Juez Rivera Torres, Santiago Calderón, Álvarez Esnard

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

Comparece ante nos Unclaimed Property Recovery Services, LLC., ("Unclaimed Property" o "Peticionario"), mediante *Certiorari* presentado el 3 de noviembre de 2023. Nos solicita que revoquemos una *Resolución* emitida el 2 de octubre de 2023, notificada al próximo día, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Mediante esta, el foro *a quo* declaró *No Ha Lugar* la solicitud de orden protectora presentada por la parte Peticionaria.

Por los fundamentos expuestos a continuación, **desestimamos** el auto de *certiorari,* por falta de jurisdicción.

## I.

El presente caso tiene su origen en una *Demanda de Clase*[1] instada contra el Honorable Sigfrido Steidel Figueroa ("Hon. Steidel Figueroa"), en su calidad de director de la Oficina de Administración de Tribunales ("OAT") y la OAT, (en conjunto, "los Recurridos"), por

---

[1] Apéndice *certiorari,* págs. 1-13.

un grupo de ciudadanos que reclamaban por sí y en representación de todos los miembros que podrían formar parte de la clase, el desembolso de intereses de intereses acumulados de ciertos fondos depositados y que estuvieron bajo custodia judicial. Posteriormente, el 10 de noviembre de 2021, los demandantes presentaron *Segunda Demanda de Clase Enmendada.*[2]

Tras varios trámites en el litigio, los Recurridos presentaron un escrito intitulado *Moción para que se Emita Orden Bajo la Regla 40.8 de Procedimiento Civil.*[3] Por virtud de esta, los Recurridos solicitaron al foro primario que emitiera una orden al amparo de la Regla 40.8 de Procedimiento Civil, 32 LPRA Ap. V, R.40.8, a los fines de que ordenara a Unclaimed Property a recibir la citación a la toma de una deposición. Señalaron que el Peticionario se había negado a recibir la aludida citación y que esta tendría como fin obtener información pertinente a la causa de acción.

En respuesta a la aludida solicitud de los Recurridos, el 1 de octubre de 2023, Unclaimed Property presentó, sin someterse a la jurisdicción, un escrito intitulado *Comparecencia Especial.*[4] En síntesis, alegó que los Recurridos pretendían diligenciar la citación a la deposición por conducto del abogado de la parte demandante, con fines de obtener la descalificación de dicho bufete como representantes legales de dicha parte. Expuso, además, que la información que será objeto de la deposición es una impertinente a la resolución de la controversia planteada.

Evaluados los planteamientos de ambas partes, **el 2 de octubre de 2023, notificada al próximo día,** el foro *a quo* emitió *Resolución,* en la que declaró *No Ha Lugar* la solicitud de orden protectora instada por el Peticionario.

---

[2] *Íd,* págs. 14-37.
[3] *Íd,* págs. 53-66.
[4] *Íd,* págs. 67-70.

Inconforme, el **3 de noviembre de 2023**, el Peticionario acudió ante esta Curia y le imputó al foro primario la comisión del siguiente error:

> Cometió error y craso abuso de su discreción el Tribunal de Primera Instancia al denegar la orden protectora solicitada por una entidad jurídica que no es parte del litigio como lo es Unclaimed Property Recovery Services, LLC y ordenarle a someterse a una deposición mediante la cual la demandante-recurrida pretende obtener información que no es pertinente a la única controversia jurídica que pende ante el Tribunal de Primera Instancia.

El 8 de noviembre de 2023, esta Curia emitió *Resolución* en la que le concedimos un término de diez (10) días a la parte Recurrida para que mostrara causa por la cual no se debía expedir el auto de *certiorari* y revocar la determinación recurrida. El 8 de junio de 2023, la parte Recurrida presentó su *Oposición a Petición de Certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.
### *A. Jurisdicción*

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración. *SLG Solá-Moreno et al v. Bengoa Becerra,* 182 DPR 675, 682 (2011). "[L]a jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí". *Miranda Correa v. Departamento de Desarrollo Económico et als.*, 211 DPR ___ (2023), 2023 TSPR 40, resuelto el 3 de abril de 2023, citando a *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir jurisdicción allí donde no la hay". *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020); *García Ramis v. Serrallés*, 171

DPR 250, 254 (2007). Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855-856 (2009). Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Beltrán Cintrón et al. v. ELA et al., supra,* págs. 101-102 (Comillas y citas omitidas). Véase, además, *SLG Solá-Moreno et al. v. Bengoa Becerra, supra,* pág. 682.

Como corolario de ello, la Regla 83(C) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. "Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre". *Juliá et al v. Epifanio Vidal, SE,* 153 DPR 357, 366 (2001).

Por otro lado, tanto la Regla 52.2 (b) de Procedimiento Civil, *supra,* R. 52.2 (b), al igual que la Regla 32 (D) de nuestro Reglamento, establecen que los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia **deben ser presentados dentro del término de treinta (30) días contados desde la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida**. Este término es de cumplimiento estricto.

Un término de cumplimiento estricto, al igual que uno jurisdiccional, su inobservancia priva al tribunal de su autoridad para atender el asunto. *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 207 (2017); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). No obstante, estos se pueden aplazar a discreción del tribunal. "El tribunal solamente tiene discreción para prorrogar los términos de cumplimiento estricto cuando se demuestra que la dilación se debió a justa causa". *Íd.*

Para así proceder, el tribunal deberá antes observar el cumplimiento de dos condiciones:

(1) que en efecto exista justa causa para la dilación;
(2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida.

**Si no se cumplen estas dos condiciones, el Tribunal no tendría discreción para extender el término de cumplimiento estricto.** *Íd.*

### III.

Antes de entrar en los méritos de los reclamos presentados por la parte aquí Peticionaria, este foro tiene el deber ineludible de auscultar si ostenta jurisdicción sobre el caso ante su consideración. *SLG Solá-Moreno et al v. Bengoa Becerra, supra.* Efectuado tal ejercicio, notamos que esta Curia carece de jurisdicción para atender el presente caso, por tal razón, nos tenemos otra alternativa que desestimarlo.

En el caso de autos, la parte Peticionaria nos solicita que revoquemos *Resolución* emitida el 2 de octubre de 2023, notificada al día siguiente. Inconforme con la determinación del foro primario, el 3 de noviembre de 2023, Unclaimed Property acudió ante esta Curia mediante recurso de *Certiorari.*

Según expusimos, tanto la Regla 52.2 (b) de Procedimiento Civil, *supra,* R. 52.2 (b), al igual que la Regla 32 (D) de nuestro

Reglamento, establecen que los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia **deben ser presentados dentro del término de treinta (30) días contados desde la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida**. En el caso de autos, el foro primario emitió la determinación que aquí se cuestiona el **2 de octubre de 2023** y su correspondiente notificación se efectuó al próximo día, es decir, el **3 de octubre de 2023.** En vista de ello, la parte aquí Peticionaria contaba con treinta (30) días para presentar el recurso discrecional de *certiorari,* esto es, hasta el **2 de noviembre de 2023**. No obstante, transcurrido el término concedido en ley, y sin mediar justa causa para la dilación, Unclaimed Property presentó su recurso de manera tardía el 3 de noviembre de 2023. Como consecuencia de la inobservancia de la parte Peticionaria, carecemos de autoridad para atender el asunto ante nuestra consideración. A tenor con lo anterior, el recurso de la Peticionaria es tardío y procede su desestimación.

**IV.**

Por los fundamentos expuestos, **desestimamos** el auto de *certiorari,* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones